COURT OF APPEALS
DECISION
DATED AND FILED

December 12, 2019

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No.    2018AP2213**

**STATE OF WISCONSIN**

Cir. Ct. No.  2016CV65

**IN COURT OF APPEALS
DISTRICT IV**

WESTERN NATIONAL MUTUAL INSURANCE COMPANY AND AMERICAN WOOD RECYCLING, INC.,

   PLAINTIFFS-RESPONDENTS,

 V.

ADVANCED DISPOSAL SERVICES SOLID WASTE MIDWEST, LLC,

   DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Green County: THOMAS J. VALE, Judge.  *Reversed and cause remanded with directions*.

Before Fitzpatrick, P.J., Blanchard and Kloppenburg, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM American Wood Recycling, Inc. alleges in this action that Advanced Disposal Services Solid Waste Midwest, LLC, negligently overloaded one of American Wood's semi-trailers, resulting in damage to the trailer. At trial, the jury was asked to determine, regardless of any special verdict question addressing negligence or contributory negligence, what amount of money would "fully compensate" American Wood for "the damage to the trailer," and the jury answered $25,000. On a motion by American Wood, the circuit court changed the damages verdict to $50,289, which is the precise amount reflected on an invoice submitted by the mechanic who repaired the trailer after the loading incident. On appeal, Advanced Disposal argues in pertinent part that the court's order changing the damages verdict must be reversed because the jury's answer was supported by credible evidence. We agree and accordingly reverse and remand with directions to reinstate the jury's damages answer.[1]

## DISCUSSION

¶2 We first summarize pertinent background, next explain the applicable legal standards, and then discuss our conclusion that there is credible evidence to support the jury's damages verdict.

---

[1] Because our conclusion disposes of the appeal, we need not and do not reach additional issues raised by Advanced Disposal.

Separately, we use the collective phrase "American Wood" to refer to the interests and arguments of American Wood and co-plaintiff-respondent Western National Mutual Insurance Company. There are no separate issues in this appeal involving Western National.

*A. Background*

¶3      The trailer of the type that American Wood contends was overloaded at the Advanced Disposal facility is typically loaded with recyclables in a process that involves moving floor slats.  On this type of trailer, underneath the equipment that moves the floor slats are cross members that support the trailer floor.  It is undisputed that, before the loading incident at issue here, through no fault of Advanced Disposal, some of the cross members in American Wood's trailer had broken welds and cracks.  We will refer to the broken welds and cracks as "the pre-existing damage."  We will use the term "new damage" to refer to any post-loading incident features of the trailer that required repairs different from the pre-existing damage.

¶4      An American Wood employee left the trailer with its pre-existing damage at an Advanced Disposal facility to be loaded with recyclables.  When the employee returned the next day, the trailer had suffered at least some new damage.  In particular, the roof was newly bowed upward and had broken away from the trailer, and the floor had given out.

¶5      American Wood transported the trailer to Ken's Truck Repair for repair, but did not ask Ken's Truck Repair to make any distinction between the repair of purported pre-existing damage and the repair of purported new damage.  Instead, Ken's Truck Repair was simply to bring the trailer into proper working order.  Ken's Truck Repair made a large number of repairs and submitted for payment an itemized invoice in the total amount of $50,285.79.  American Wood sued Advanced Disposal for damages allegedly arising from Advanced Disposal's negligent handling of its trailer.

¶6      At trial, the parties presented evidence and testimony disputing both the nature of the pre-existing damage and the causes of new damage.  Broadly summarizing, American Wood's witnesses testified that the pre-existing damage did not contribute to the creation of any new damage, and instead Advanced Disposal had caused all of the new damage exclusively through negligent loading. One of American Wood's witnesses also testified that the pre-existing cracks were "a symptom of a bigger disease" that had been "recurring" in advance of the alleged overloading.  Advanced Disposal's witness testified that the pre-existing damage to the trailer was extensive, that it left the trailer in a structurally weakened condition, and that the pre-existing damage caused the new damage, not the alleged negligent loading by Advanced Disposal.  During deliberations, the jury requested and received the repair invoice from Ken's Truck Repair.

¶7      The special verdict form asked the jury five questions regarding negligence, and one question regarding damages.  Neither party argues on appeal that the circuit court erred in asking any special verdict questions.  The following were the non-damages questions, along with the jury answers:  (1) was American Wood negligent in failing to maintain the trailer? (jury: yes); (2) if yes, was American Wood's negligent maintenance a cause of damage to the trailer? (jury: yes); (3) was Advanced Disposal negligent? (jury: yes); (4) if yes, was Advanced Disposal's negligence a cause of damage to the trailer? (jury: yes); (5) if both sides were contributorily negligent and the "assum[ed] … total negligence which caused damage … to be 100%, what percentage" is attributable to each? (jury: 50-50).

¶8      Unlike the above questions, which were presented as being interrelated, the damages question was explicitly set apart, to be considered as a standalone question:

> Regardless of how you answered the preceding questions, you must answer the following question:
>
> What sum of money will fairly, reasonably, and fully compensate [American Wood] for the damage to the trailer?
>
> [Jury:] $25,000

¶9 After these verdicts were returned, American Wood protested that the $25,000 damages amount could not be sustained, and requested that the circuit court reinstruct the jury on damages and that the court issue a "directed verdict" if the jury came back with a number below $50,000. Over Advanced Disposal's objection, the circuit court asked the jury to reconsider the answer to the damages question and reread jury instructions WIS JI—Civil 1700 (Damages: General) and WIS JI—Civil 1804 (Property: Damage to Repairable Property). During its subsequent deliberations, the jury submitted the following question: "Does this mean all? Or none[?] 0—or 50,000[?]"

¶10 In response to the jury's question, American Wood asked the circuit court to change the damages answer, on the ground that there had been no evidence at trial "about anything not [being] included in [Ken's Truck Repair] bill." The court changed the damages answer, reasoning as follows:

> [I]t's clear that the jury is struggling with this issue [and t]hat in the court's opinion there was not evidence or testimony supporting [the jury's] finding of damages at $25,000. The only credible evidence that really wasn't disputed was the actual [Ken's Truck Repair] invoice, Exhibit 9, and that dollar amount was $50,285.79, and while it would have been possible in theory to find other numbers, there wasn't any evidence supporting the finding of another number or that the repair bill was unreasonable or too high or anything to that effect.

¶11 Advanced Disposal subsequently filed written post-verdict motions for an order entering judgment on the verdict rendered by the jury or alternatively

for a new trial on damages. The motions were deemed denied when the circuit court did not rule on them within ninety days after the "directed verdict" was rendered. See WIS. STAT. § 805.16(3) (2017-18) (providing that a motion after verdict that is not decided "within 90 days after the verdict is rendered" is "considered denied and judgment shall be entered on the verdict").[2] The court subsequently entered judgment on the "directed verdict."[3]

## B. Applicable Legal Standards

¶12 In reviewing a circuit court's decision to change a jury's answer,

> an appellate court will search for credible evidence to sustain the jury's verdict. The appellate court will overturn the circuit court's decision if the circuit court was "clearly wrong." A circuit court's decision to change the jury's answer is "clearly wrong" if the jury verdict is supported by "any credible evidence."

***Best Price Plumbing, Inc. v. Erie Ins. Exch.***, 2012 WI 44, ¶44, 340 Wis. 2d 307, 814 N.W.2d 419 (quoted source and citations omitted).

---

[2] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

[3] As the parties both acknowledge, American Wood moved for a directed verdict, Advanced Disposal opposed the motion, and the circuit court granted the motion, all on the third day of trial *after* the jury had rendered its verdict; therefore, the motion was properly to change the jury's answer in the verdict pursuant to WIS. STAT. § 805.14(5)(c) ("*Motion to change answer.* Any party may move the court to change an answer in the verdict on the ground of insufficiency of the evidence to sustain the answer."). Accordingly, in the remainder of this opinion we will refer to the motion as one to change the jury's answer as to damages. *See* § 805.14(2)(b) (providing that a court shall treat as properly designated a mistakenly designated motion "challenging the sufficiency of evidence as a matter of law").

We observe that in its acknowledgement of the proper designation of its motion, American Wood cites an unpublished per curiam opinion of this court in violation of WIS. STAT. RULE 809.23(3). We also observe that Advanced Disposal often fails to provide record cites to supports its assertions in violation of WIS. STAT. RULE 809.19(1)d. Future violations of the Rules of Appellate Procedure may result in sanctions. *See* WIS. STAT. RULE 809.83(2).

¶13 "The jury, as the trier of fact, 'determines the credibility of the witnesses, resolves conflicts in the testimony, weighs the evidence and draws reasonable inferences from the evidence.' The jury is not bound by expert opinions; rather, it can accept or reject an expert's opinion." *Giese v. American Transmission Co.*, 2014 WI App 72, ¶13, 355 Wis. 2d 454, 853 N.W.2d 564 (quoted source and citations omitted). *Giese* relies on *State v. Owen*, 202 Wis. 2d 620, 634, 551 N.W.2d 50 (Ct. App. 1996), for the proposition that the trier of fact may accept certain portions of an expert's testimony while disregarding other portions, and also WIS JI—Civil 260, for the proposition that a jury is "not bound by any expert's opinion." *Giese*, 355 Wis. 2d 454, ¶13.

## C. Analysis

¶14 Searching the record for evidence that the jury could have credited to support the damages verdict, as we must, we see multiple reasons to affirm the jury's verdict and we reject American Wood's arguments to the contrary.

¶15 We first note that the jury was instructed to award only those damages that would "fairly, reasonably, and fully compensate" American Wood for repair of new damage to the trailer, not to compensate American Wood for repair of pre-existing damage. This is conveyed by the phrase in the damages question "for the damage to the trailer." Along the same lines, the jury instruction on this topic directed the jury to determine as damages the amount representing the "reasonable cost to restore the property to its prior condition," which in context logically meant restoration of the trailer's condition to its status before the loading incident, not its condition at some earlier time before some or all of the pre-existing damage developed.

¶16 Further, the jury was directed in the damages question to completely ignore the negligence and contributory negligence determinations it had already made. A jury is presumed to have followed jury instructions. *State v. LaCount*, 2008 WI 59, ¶23, 310 Wis. 2d 85, 750 N.W.2d 780. The jury here was instructed to focus exclusively on full compensation to American Wood for new damage.

¶17 We conclude that the jury had reasonable bases from which to estimate that new damage amounted to $25,000, putting aside any determinations about negligent conduct by anyone.

¶18 First, as referenced above, a primary theory of Advanced Disposal at trial was that the pre-existing damage was significant and extensive and also that the pre-existing damage caused the new damage. To the extent that the jury accepted all of the evidence and reasonable inferences from this evidence as argued by Advanced Disposal, the jury could have determined that some fractional amount of the repair bill represented work addressing new damage and another percentage addressed pre-existing damage. As Advanced Disposal argues, the jury was free to find that much of the repaired damage to the floor of the trailer was pre-existing damage, not new damage. And, if the jury found that repaired damage to the floor was mostly pre-existing damage, this gave the jury ample room for its damages estimate. It was not within the authority of the circuit court to substitute its view that $25,000 was too low a number to assign to an estimate of the cost to address new damage.

¶19 Second, the jury was not required to accept any opinion about the reasonable cost to repair new damage to the trailer. There was no stipulation between the parties on any aspect of reasonable costs of repair. Evidence on which the jury could reasonably rely included the Ken's Truck Repair invoice,

which provided a list of over eighty separate line items for service and parts, with a total cost of $50,285.79. The fact that the owner of Ken's Truck Repair testified that the repairs were all reasonable and necessary to return the trailer to a safe working condition does not undermine the jury's damages calculation of $25,000. As noted, the jury specifically asked for this invoice during its deliberations and had a chance to review which items might have appeared to it to represent pre-existing damage and which items represented new damage. Such a review would be consistent with the instruction provided to the jury, that:

> If the property can be restored to its condition before the [damage], compensation to the owner is measured by the reasonable cost of the repairs necessary to restore the property to its prior condition. The measure under this … rule is the reasonable cost to restore the property to its former condition, not what may have been the actual cost of repair.

WIS JI—CIVIL 1804 (emphasis added). The jury was free to select among the line items and to ignore, or to adjust downward, the costs associated with the items and services based on its own "common sense and experience." *See* WIS JI—CIVIL 215; *see also* **Geise**, 355 Wis. 2d 454, ¶17 ("the jury was not required to accept an expert's opinion as to what increases or decreases the value of a particular property but rather could consider its own observations and experiences regarding what makes a property more or less valuable"). Facts pertinent here could have included the jury's assessment of the apparent motivations and credibility of the invoice's creator, who was the owner of the company that undertook and was paid for the repairs.

¶20 American Wood argues that we must conclude that the jury awarded half the total amount stated on the invoice because it determined that Advanced Disposal was only half responsible for the damage. American Wood's argument

9

depends on the assumption that the jury failed to follow the instructions and merely posits an alternative inference that may be drawn from the record. That alternative inference is weakened by the fact that exactly half of the invoice total would be $25,142.90, not $25,000.

## CONCLUSION

¶21 For the reasons stated, we reverse and remand with directions to reinstate the jury's damages answer.

*By the Court.*—Judgment reversed and cause remanded with directions.

This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.